**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| REGINALD MONEGAN, | ) |
| | ) |
| Plaintiff, | ) JURY DEMANDED |
| | ) |
| v. | ) Case No. |
| | ) |
| GROUP O, INC., | ) Judge: |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES Plaintiff, Reginald Monegan ("Plaintiff"), by and through his undersigned

attorneys, and for his Amended Complaint against Defendant, Group O ("Defendant"), states as

follows:

**NATURE OF THE CASE**

1.      Counts I, II, and III arise under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

("FSLA") and the Illinois Wage Payment & Collections Act, 820 ILCS 115/1 *et seq*.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this matter by virtue of 29 U.S.C. § 216(b),  28 U.S.C. §

1331 and 28 U.S.C. § 1367.

3.      The unlawful employment practices described herein were committed within the State of

Illinois, at the Caterpillar, Inc. facility in Will County at which Defendant provides

manpower service. Venue in the Northern District of Illinois is proper pursuant to 28

U.S.C. § 1391(b).

4.      Plaintiff is seeking to assert those claims that were severed in the class action matter

*Raymond Abraham et al. v. Group O, Inc*., Case No. 1:16-cv-11642 in the U.S. District

Court for the Northern District of Illinois ("Abraham Federal Action"). The order severing the class was entered on January 30, 2018.

5.      Plaintiff also filed claims arising under state law against Defendant in the case, *Raymond Abraham et al. v. Group O, Inc*., Case No. 2017 L 551, in the Circuit Court of the 12th Judicial Circuit, Will County, Illinois ("Abraham State Action"). The order dismissing each of the plaintiffs' claims, except Plaintiff Raymond Abraham's claims, was entered on May 18, 2018. A true and correct copy of the May 18, 2018 Order is attached hereto as Exhibit A.

## PARTIES

6.      That Plaintiff is a resident of Illinois.

7.      That Defendant Group O is duly registered to conduct business in the State of Illinois.

8.      That at all times pertinent herein, Plaintiff was employed by Defendant.

9.      That Plaintiff was hired by Defendant in approximately 2011 as a Forklift Operator.

10.     That at all times pertinent herein, Plaintiff was an "employee" as defined by 29 U.S.C. § 203(e).

11.     That Defendant is an Illinois corporation doing business within this judicial district. Group O is an "enterprise" as defined in 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

## GENERAL ALLEGATIONS

12.     Plaintiff incorporates the preceding paragraphs herein.

13.     That Plaintiff was a non-exempt employee that was compensated on an hourly basis.

14.  That Group O utilizes a payroll system called Kronos that electronically keeps track of each time Plaintiff swiped his time card/badge when starting and ending his shift.

15.  That Plaintiff was also required to record his punch-in and punch-out times on the same electronic timekeeping system, Kronos.

16.  That Group O provides staffing and manpower to its clients on a 24 hour basis that consists of three eight hour shifts.

17.  That Defendant practiced a policy of indiscriminately rounding off and editing employees' time to purposefully deny Plaintiff's wages in order to meet the operational budget.

18.  That as a result of these rounding practices, although the time swiped in and out still appears on Plaintiff's time record, the system excludes a significant amount of time from the "total" hours worked for that day.

19.  That Defendant's rounding policies always rounded in favor of Defendant and resulted in Plaintiff not being fully compensated for hours worked.

20.  That Defendant's supervisors acknowledged and admitted to the use of these rounding policies.

21.  That Plaintiff was frequently not paid for this work due to Defendant's rounding policy.

22.  That Plaintiff was frequently not paid for some or all of his overtime work due to Defendant's rounding policies.

23.  That Plaintiff was an hourly non-exempt employee that worked for Defendant and was not paid for all hours worked, including any overtime compensation for all hours worked in excess of 40 in a week.

24.  That Defendant's violations of federal and state overtime laws were willful.

25.     That as a result of all of the policies and practices above, Plaintiff worked a significant amount of unpaid time and Defendant never took such unpaid time into account when calculating the point at which Plaintiff reached the threshold of forty (40) hours in a workweek.

26.     That Defendant did not compensate Plaintiff at the rate of one and one half his regular rate of pay (otherwise known as "overtime") for all hours worked in excess of forty (40) hours per workweek.

27.     That Defendant was, and is, aware of the legal requirements to compensate Plaintiff at the overtime rate of pay for all hours worked in excess of forty (40) per workweek, but deliberately disregards this requirement.

## COUNT I –DENYING LUNCH BREAKS IN VIOLATION OF THE FAIR STANDARDS LABOR ACT

28.     Plaintiff incorporates the preceding paragraphs herein.

29.     That Count I arises from Defendant's violations of the FLSA, 29 U.S.C. § 201, *et seq.*, and the Illinois Wage Payment & Collections Act, 820 ILCS 115/1 *et seq.*, for its failure to pay Plaintiff's regular wages and wages at the overtime rate for all hours worked in excess of forty (40) per workweek.

30.     That at all relevant times herein, Plaintiff was engaged in job duties and responsibilities that were integral and indispensable to the operation of Defendant's business.

31.     That for all relevant times herein, the timekeeping system was programmed to automatically deduct thirty (30) minutes for lunch regardless of whether Plaintiff actually swiped in and out for lunch, whether Plaintiff's swiped time indicated less than thirty (30) minutes was taken for lunch, or whether Plaintiff was required to work through lunch.

4

32.     That throughout his employment, Plaintiff had his lunch period cut short or was required to work through his lunch period due to either a direct order from a supervisor or as the result of a substantial workload.

33.     That Plaintiff' either had his lunch period cut short or was required to work through his lunch period approximately 1-2 times per week throughout his employment with Defendant.

34.     That when Plaintiff would take a lunch, he would eat his lunch while he was working.

35.     That  throughout his employment, Plaintiff had one half hour of pay (30 minutes) deducted even though he did not receive a lunch break or returned to work early from lunch.

36.     That Defendant was aware that Plaintiff was working though some or all of his otherwise unpaid lunch break, but nevertheless allowed such work to continue without compensation.

37.     That as a result of the unlawful lunch break practices, Plaintiff failed to receive his due wages for regular hours worked.

38.     That as a result of the unlawful lunch break practices, Plaintiff failed to receive proper overtime compensation for all hours worked over forty (40) in one workweek.

39.     That Defendant's failure to pay Plaintiff compensation for all time worked and, as a result, its failure to pay Plaintiff compensation at the overtime rate for all hours worked over forty (40) per workweek, is a willful violation of the FLSA and the Illinois Wage Payment and Collections Act, since Defendant's conduct shows that it either knew its conduct violated the FLSA and the Illinois Wage Payment and Collections Act or showed

reckless disregard for whether its actions complied with the FLSA and the Illinois Wage

Payment and Collections Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Reginald Monegan respectfully requests that this Honorable

Court provide the following equitable and legal remedies for relief:

a. Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way.
b. Award Plaintiff a judgement for back pay equal to the amount of all unpaid overtime compensation according to the applicable statute of limitations for willful violations of the FLSA and the Illinois Wage Payment and Collections Act.
c. Award Plaintiff liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b).
d. Award Plaintiff prejudgment interest with respect to the amount of unpaid overtime compensation.
e. Award reasonable attorneys' fees and costs incurred in filing this action.
f. Enter an injunction preventing Defendant from violating the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*
g. Award other such additional relief as this Honorable Court may deem just and proper.

## **COUNT II – ROUNDING POLICIES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**

40.     Plaintiff incorporates the preceding paragraphs herein.

41.     That Count II arises from Defendant's violations of the FLSA, 29 U.S.C. § 201 *et seq.*, and the Illinois Wage Payment & Collections Act, 820 ILCS 115/1 *et seq.*, for its failure to pay Plaintiff's regular wages and wages at the overtime rate for all hours worked in excess of forty (40) per workweek.

42.     That pursuant to 29 U.S.C. § 216(b), this action may be maintained by Plaintiff who has been damaged by Defendant's failure to comply with 29 U.S.C. §§ 206 – 207.

43.     That Plaintiff was engaged in job duties and responsibilities that were integral and indispensable to the operation of Defendant's business.

6

44.   That Defendant practiced a policy of rounding off and editing employees' time to purposefully deny Plaintiff's wages in order to meet the operational budget.

45.   That as a result of these rounding practices, although the time swiped in and out still appears on Plaintiff's time record, the system excludes a significant amount of time from the "total" hours worked for that day.

46.   That Defendant's rounding policies always round in favor of Defendant and resulted in Plaintiff not being fully compensated for his hours worked.

47.   That throughout his employment, Plaintiff was required to stay ten (10) to fifteen (15) minutes past the scheduled end of his shift.

48.   That during these ten (10) to fifteen (15) minute intervals, Plaintiff was required to perform work that was necessary and beneficial to Defendant's operations.

49.   That during these ten (10) to fifteen (15) minute intervals, Plaintiff was required to supply machines and take out the trash.

50.   That Plaintiff was also instructed by his supervisor Ed Last Name Unknown ("LNU") or any other manager to prepare the workstation for the next shift.

51.   That although Plaintiff was required to stay ten (10) to fifteen (15) minutes past his scheduled shift end time, Plaintiff was not paid for this time due to Defendant's rounding policies.

52.   That Defendant was aware that Plaintiff was performing work during these ten (10) to fifteen (15) minute intervals, and allowed such work to continue without compensation.

53.   That Plaintiff was frequently not paid for some or all of his overtime work due to Defendant's rounding policies.

54.    That when Plaintiff was required to stay and work after the scheduled end of his shift, Defendant would round down his swipe-out time to the scheduled end of his shift.

55.    That Defendant was aware that Plaintiff was not being compensated for this time but allowed the practices to continue.

56.    That as a result of Defendant's rounding practices, Plaintiff failed to receive due wages for regular hours worked.

57.    That as a result of Defendant's rounding practices, Plaintiff failed to receive proper overtime compensation for all hours worked over forty (40) in one workweek.

58.    That Defendant's failure to pay compensation for all time worked and, as a result, its failure to pay compensation at the overtime rate for all hours worked over forty (40) per workweek, is a willful violation of the FLSA and the Illinois Wage Payment & Collections Act.

59.    That Defendant's conduct shows that it either knew that its conduct violated the FLSA and Illinois Wage Payment & Collections Act or showed reckless disregard for whether its actions complied with the FLSA and Illinois Wage Payment & Collections Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Reginald Monegan hereby respectfully requests that this Honorable Court provide the following equitable and legal remedies for relief:

a.    Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way.

b.    Award Plaintiff a judgement for back pay equal to the amount of all unpaid overtime compensation according to the applicable statute of limitations for willful violations of the FLSA and Illinois Wage Payment & Collections Act.

c.    Award Plaintiff liquidated damages in an amount equal to the amount of unpaid overtime compensation found due.

d.    Award Plaintiff prejudgment interest with respect to the amount of unpaid overtime compensation.

e.    Award reasonable attorneys' fees and costs incurred in filing this action.

    f.  Enter an injunction preventing Defendant from violating the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and Illinois Wage Payment & Collections Act, 820 ILCS 115/1 *et seq*.

    g.  Award other such additional relief as this Honorable Court may deem just and proper.

## COUNT III – ALTERED TIME RECORDS IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

60.    Plaintiff incorporates the preceding paragraphs herein.

61.    That Count III arises from Defendant's violations of the FLSA, 29 U.S.C. § 201 *et seq.*, and Illinois Wage Payment & Collections Act, 820 ILCS 115/1 *et seq*. for its failure to pay Plaintiff's regular wages and wages at the overtime rate for all hours worked in excess of forty (40) per work week.

62.    That Plaintiff was engaged in job duties and responsibilities that were integral and indispensable to the operation of Defendant's business.

63.    That throughout his employment, Plaintiff was required to stay ten (10) to fifteen (15) minutes past the scheduled end of his shift.

64.    That during these ten (10) to fifteen (15) minute intervals, Plaintiff was required to perform work that was necessary and beneficial to Defendant's operations.

65.    That during these ten (10) to fifteen (15) minute intervals, Plaintiff was required to supply machines and take out the trash.

66.    That Plaintiff was also instructed by his supervisor Ed Last Name Unknown ("LNU") or any other manager to prepare the workstation for the next shift.

67.    That although Plaintiff was required to stay ten (10) to fifteen (15) minutes past his scheduled shift end time, Plaintiff was not paid for this time due to Defendant's rounding policies.

68.    That Defendant was aware that Plaintiff was performing work during these ten (10) to fifteen (15) minute intervals, and allowed such work to continue without compensation.

69.     That Plaintiff was frequently not paid for some or all of his overtime work due to Defendant's rounding policies.

70.     That when Plaintiff was required to stay and work after the scheduled end of his shift, Defendant would round down his swipe-out time to the scheduled end of his shift.

71.     That Plaintiff's time was regularly manually edited by Defendant's managers, without verifying the time Plaintiff actually worked, to reduce the total number of hours paid.

72.     That Defendant regularly altered Plaintiff's time records at both the start of and end of his shift.

73.     That Defendant regularly altered time records to prevent overtime pay on holidays and weekends.

74.     That Defendant's falsification of Plaintiff's time cards was knowing and willful and done with the purpose and intent of depriving Plaintiff of all wages due to him.

75.     That Defendant's practice of altering time records resulted in Plaintiff not being paid for all regular hours worked.

76.     That Defendant's practice of altering time records resulted in Plaintiff not being paid for all overtime hours worked over forty (40) in one workweek.

77.     That Defendant's failure to pay compensation for all time worked and, as a result, its failure to pay compensation at the overtime rate for all hours worked over forty (40) per workweek, is a willful violation of the FLSA and the Illinois Wage Payment & Collections Act.

78.     That Defendant's conduct shows that it either knew that its conduct violated the FLSA and the Illinois Wage Payment & Collections Act or showed reckless disregard for

whether its actions complied with the FLSA and the Illinois Wage Payment & Collections Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Reginald Monegan hereby respectfully requests that this Honorable Court provide the following equitable and legal remedies for relief:

a. Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way.
b. Award Plaintiff a judgement for back pay equal to the amount of all unpaid overtime compensation according to the applicable statute of limitations for willful violations of the FLSA and Illinois Wage Payment & Collections Act.
c. Award Plaintiff liquidated damages in an amount equal to the amount of unpaid overtime compensation found due.
d. Award Plaintiff prejudgment interest with respect to the amount of unpaid overtime compensation.
e. Award reasonable attorneys' fees and costs incurred in filing this action.
f. Enter an injunction preventing Defendant from violating the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and Illinois Wage Payment & Collections Act, 820 ILCS 115/1 *et seq.*
g. Award other such additional relief as this Honorable Court may deem just and proper.

Respectfully submitted,
Reginald Monegan


By:/s/ Renee C. Fell
One of his Attorneys


Uche O. Asonye – 6209522
Renee C. Fell – 6312785
Asonye & Associates
100 N. LaSalle Street, Suite 2115
Chicago, IL 60602
(312)795-9110
uasonye@aa-law.com
rfell@aa-law.com

**J**URY DEMAND

NOW COMES Plaintiff by his undersigned attorneys, and demands a trial by jury in the above entitled cause of action.

Respectfully submitted,
Reginald Monegan

By: /s/ Renee C. Fell
Attorney for Plaintiff

Uche O. Asonye – 6209522
Renee C. Fell – 6312785
Asonye & Associates
100 N. LaSalle Street, Suite 2115
Chicago, IL 60602
(312)795-9110
uasonye@aa-law.com
rfell@aa-law.com